UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CR-0076-CVE-30 |
| ) | |
| ERNESTO BARRIENTOS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to reject second revised presentence report, Dkt. # 960. On June 17, 2020, defendant entered a guilty plea, pursuant to a written plea agreement (Dkt. # 736), to a single-count information charging interstate travel in aid of racketeering (Dkt. # 669). The Court directed the United States Probation Office to complete a presentence investigation and report (PSR). Sentencing was set for September 29, 2020.

The initial PSR was disclosed on August 27, 2020, in which defendant was held accountable for 60 grams of heroin (based on $6,000 cash received by defendant), resulting in a base offense level of 20. On September 9, 2020, defendant's counsel notified the probation officer and plaintiff of objections to the PSR, including to the quantity of heroin for which defendant was held responsible, and requested a lower base offense level. On September 25, 2020, on the unopposed motion of plaintiff (Dkt. # 935), the sentencing hearing was continued to October 20, 2020, due to inaccessibility of plaintiff's witness for sentencing due to COVID-19 protocols.

On October 14, 2020, the probation officer disclosed a revised PSR with the same guideline calculation as the initial PSR, to include minor changes requested by defendant that did not impact the guideline calculation. On October 15, 2020, plaintiff emailed the assigned probation officer to

notify her of its intent to present evidence and testimony inconsistent with the drug quantity in the PSR. Later that same day, plaintiff filed sealed "government's offer of proof in response to defendant's objection to PSR" (Dkt. # 952), following an interview with the cooperating witness in which plaintiff received information that the quantity of heroin provided by defendant to the cooperating witness was 850 grams, not the 60 grams based on the $6,000 cash received by defendant. On October 16, 2020, at the request of the probation office and based on the new information contained in plaintiff's new filing (Dkt. # 952), the Court continued the sentencing hearing to November 9, 2020 (Dkt # 953). Plaintiff never filed or submitted objections to the original PSR within 14 days of initial disclosure, and never requested from the Court an extension of the deadline for good cause.

On October 23, 2020, based on plaintiff's filing of new information (Dkt. # 952), the probation office disclosed a second revised PSR, in which defendant was held accountable for 850 grams of heroin based on the new evidence provided by plaintiff, which results in a base offense level of 28. Thereafter, defendant filed a motion to reject second revised PSR (Dkt. # 960), requesting that the Court reject the second revised PSR, because government's "offer of proof" (Dkt. # 952), was filed 35 days beyond the 14-day deadline to file objections to the PSR. Defendant argues that plaintiff's response to his objections and sentencing memorandum was vindictive and inappropriately punitive. Further, he suggests there was no corroboration of this new drug amount apart from the cooperating witness, who is also one of the highest members of the drug trafficking organization. Based on the failure of plaintiff to request any extension of time, defendant requests that the second revised PSR be stricken from the record (which the Court understood to mean "be rejected" because it is not filed of record).

2

In plaintiff's response in opposition to defendant's motion to reject second revised presentence report (Dkt. # 967), plaintiff argues that it filed a timely objection to the revised PSR, which was disclosed on October 14, 2020. Alternatively, if the Court finds the plaintiff's objections were submitted untimely, it argues that there was good cause for the delay.

In support of its arguments that there was good cause for the delay, plaintiff cites United States v. Remaley, 646 F. App'x 719 (11th Cir. 2016), wherein the Eleventh Circuit affirmed the district court's decision to consider an objection raised by plaintiff at the sentencing hearing, well outside the confines of the fourteen day deadline. In Remaley, plaintiff objected to the PSR for failure to include the enhancement for obstruction of justice based upon evidence plaintiff discovered shortly before sentencing. Specifically, in recorded jail calls, defendant directed someone to wipe data from his cell phone. Though plaintiff was aware of the call, it did not have access to the contents of the cell phone to determine if the wipe would have actually resulted in obstructive conduct. It was not until shortly before the sentencing that plaintiff was able to gain access to the contents of the cell phone in a readable format. The district court determined that "[i]t was reasonable for the government to withhold its objection until it had established that it had grounds for the U.S.S.G. § 3B1.1 enhancement." Id. at 721.

Under Fed. R. Crim. P. 32(f)(1), a party must make any objection to the PSR within 14 days after it has been disclosed to the parties, and the probation officer must investigate any objections and revise the PSR, if appropriate. Rule 32(g) provides that "[a]t least 7 days before sentencing, the probation officer must submit to the court and to the parties the PSR and an addendum containing any unresolved objections . . . ." Fed. R. Crim. P. 32(g). Rule 32(g) does not authorize the parties file new objections after disclosure of the revised PSR and addendum. Plaintiff had an opportunity

3

to object to the amount of drugs attributable to defendant in the initial PSR, but failed to do so. While plaintiff argues that it objected within 14 days of the revised PSR disclosure, no changes were made in the revised PSR that affected the drug quantity or guideline calculation. Further, during the change of plea hearing on June 17, 2020, in response to the Court's question regarding drug quantity for purposes of calculation of the offense level, counsel for plaintiff stated ". . . based on the government's evidence, we are making our best determination as to the amount <u>based on the amount of money</u>." Such a statement implies that plaintiff was unaware of a specific amount of drugs attributable to defendant. In such case, plaintiff's counsel had an obligation to make that determination within 14 days of initial disclosure if it wished to object.

Rule 32 specifically contemplates that parties may make untimely objections to the PSR, and the Court may consider an untimely objection if the objecting party can show "good cause." Fed. R. Crim. P. 32(i)(D). Plaintiff's "offer of proof" was untimely if it is construed as an objection, and the Court finds that it can consider the objection only if plaintiff can establish good cause for asserting an untimely objection to the PSR.

Plaintiff argues that good cause exists for hearing its untimely objection to the PSR because the objection is based on new evidence to which the plaintiff did not previously have access. The Tenth Circuit has not adopted a standard for "good cause" under Rule 32(i). Courts that have examined the good cause standard have agreed that the district court has the discretion to hear an untimely objection. <u>United States v. Chung</u>, 261 F.3d 536, 539-40 (5th Cir. 2001); <u>United States v. Jones</u>, 70 F.3d 1009 (8th Cir. 1995). At least one court has found that a district court should consider not only the defaulting party's explanation for failing to make a timely objection, but also a good cause inquiry should take into account the "adverse effects-direct or systemic-on opposing

parties or the judiciary." United States v. McCoy, 313 F.3d 561, 565 (D.C. Cir. 2002). Good cause may also exist when it appears that defendant would receive a sentence that is "simply wrong, with no basis in fact." United States v. Hne, 103 F. Supp. 2d 483, 485 (D.R.I. 2000); see also United States v. Albright, 115 F. Supp. 2d 1271 (D. Kan. 2000) ("the court believes that good cause . . . requires either showing a diligent party has a good faith reason for the delay that constitutes more than a simple mistake or neglect or showing the untimely objection raises substantial factual or legal issues going to the basic fairness or validity of the PSR's sentencing findings and determinations.").

Pursuant to Rule 32(i)(D), the Court finds that plaintiff has not shown good cause for its untimely objection to the PSR beyond the parameters set forth in Rule 32(f)(1). Plaintiff has not offered any reason why it could not have made its objection in a timely fashion. Plaintiff states that it did not have access to this evidence until after defendant objected to the original PSR. However, this is not quite accurate. Plaintiff had access to the witness on whose testimony it relies long before the disclosure of the original PSR. Plaintiff had an opportunity to review its files, discovery, and drug amounts, and interview the witness before or during the fourteen-day period following the disclosure of the original PSR on August 27, 2020. This case differs from Remaley in that nothing prevented plaintiff from gaining access to the "new evidence" in a timely manner. Further, considering plaintiff's late collection of the new evidence, allowance of its introduction to increase the offense level based on a new drug quantity and not based on "the amount of money," would call into question the fairness and integrity of the proceedings and would ultimately affect the substantial rights of defendant.

**IT IS THEREFORE ORDERED** that defendant's motion to reject second revised PSR (Dkt. # 960) is **granted.** Plaintiff's new evidence contained in its "offer of proof" will be considered only as a response to defendant's objection and as argument against a downward variance or low-end guideline sentence. It will not be considered insofar as it would increase the advisory guideline range contained in the initial PSR.

**DATED** this 6th day of November, 2020.

		*/s/ Claire V. Eagan*
		CLAIRE V. EAGAN
		UNITED STATES DISTRICT JUDGE